No. 13,949.

City of Sterling *v.* Board of County Commissioners of Logan County et al.
(60 P. [2d] 222)

Decided July 27, 1936.

Mr. RAYMOND M. SANDHOUSE, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. NORRIS C. BAKKE, Deputy, Mr. PIERPONT FULLER, JR., Assistant, amici curiae.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A DECLARATORY judgment proceeding submitted pursuant to chapter 25, Code Civil Procedure 1921, to determine the meaning of certain acts of the General Assembly of 1933, and of an ordinance of the city of Sterling, as they affect the board of county commissioners of Logan county and said city, in their conflicting claims to beer license fees collected and withheld by the city. The trial court resolved in favor of the county and gave judgment accordingly.

By section 17, chapter 45, Session Laws 1933, effective April 5, an act authorizing and regulating the sale of beer, it was provided that one licensed to sell beer in a municipality shall pay the treasurer thereof the sum of $80 annually in advance. In an act of the same session, chapter 144, effective July 28, an "Old Age Pension Fund" was created for each county. One of the provisions of the Act was that certain "property, funds, moneys and sums shall be appropriated to, and shall be a part of the old age pension funds." Of the items so appropriated are those mentioned in paragraph (b) of section 2

of the Act, which reads : "All licenses, privilege tax and funds derived, obtained or collected from and after the first day of April, 1933, by the state of Colorado, its counties and municipalities, under the provisions of any state law, from the manufacture, sale, distribution or gift of beer * * *." Section 3 of the same Act is as follows: "Fifty per cent of the funds and moneys realized and collected by any municipality by virtue of any ordinance of such municipality, placing a license or privilege tax upon the matters and items described in sub-paragraphs (b) * * * of section 2 hereof, shall, by such municipality, be turned over to the county pension fund of the county in which such municipality is situated and shall belong to said county pension fund." By an ordinance in force June 19, 1933, the city provided for licensing and regulating the sale of beer, section 4 whereof reading in part as follows: "All applications for licenses shall be accompanied by a receipt from the city clerk for the required annual license fee for the license, which fee shall be in the sum of eighty ($80) dollars per year. All such fees shall be paid into the general fund of the municipality and disbursed in accordance with ordinances or statutes affecting such fees."

We think the trial court's resolution in favor of the county conformed to the intent of the law. By the act of April 5, 1933, as we have seen, the state required those engaged in selling beer in municipalities to pay $80 annually as license fees, all of which the act effective July 28, 1933, appropriated to county old age pension funds. As we understand, the authority of the state to make disposition of funds arising pursuant to the beer licensing act is not questioned. But, it is asserted, if effect is to be given section 3 of the old age pension act, the city, acting under its ordinance imposing a like license fee, and having collected only that sum from the several licensees operating within its jurisdiction, should be required to account for only one-half thereof. We are not of that view. Section 2 definitely appropriates all license fees arising

from the sale of beer in municipalities "under the provisions of any state law," to county pension funds. Clearly, we think, the money claimed by the county arose from exactions imposed on beer venders by statute, and which the city, regardless of its ordinance, was bound to collect and account for as the General Assembly had directed. Since, therefore, the city collected nothing from beer venders in excess of statutory requirements and appropriation, there was no beer license fund in its treasury arising by virtue of its ordinance on which section 3 of the statute can operate. We do not perceive error.

Let the judgment be affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.