No. 13,709.

CITY OF COLORADO SPRINGS ET AL. *v.* PEOPLE EX REL.
CAMPBELL ET AL.
(63 P. [2d] 1244)

Decided December 28, 1936..

526

Mr. Ben S. Wendelken, for plaintiffs in error.

Mr. George M. Gibson, for defendants in error.

*En Banc.*

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, delivered the opinion of the court.

Plaintiffs in error are hereinafter designated as the city, and defendants in error as the commissioners.

The county commissioners as trustees brought mandamus to compel the payment to them by the city of $4,000 collected for fifty beer licenses. A general demurrer to the amended answer to the alternative writ was sustained and the writ made peremptory. To review that judgment the city brings error, asserting that those portions of sections 2 and 3 of chapter 144, p. 748, S. L. 1933, under which the commissioners claim, contravene section 6 of article XX, and section 11 of article II of the state Constitution. Such are the questions presented and argued under the five assignments.

Colorado Springs is a "Home Rule" city, organized under said article XX. As such it has "the full right of self-government in both local and municipal matters," as provided in said section 6 thereof. Said section 11 of article II forbids the passage of retro-operative legislation. Chapters 45, page 269, S. L. 1933, is "An Act Regulating the Sale and Manufacture of Beer." It became effective April 5. Section 17 thereof provides an annual license fee of eighty dollars payable to the treasurer of the municipality. The city passed an ordinance, effective April 11, fixing that fee. Chapter 144, page 748, S. L. 1933, is "An Act Relating to Old Age Pensions." It became effective July 28. Section 2 thereof provides that all such license fees collected after April 1, 1933, "shall be appropriated to, and shall be a part of the Old Age Pension funds;" section 3 provides that fifty per

cent of any such fees collected by the municipality by ordinance shall be turned over to the county pension fund; and section 4 makes the county treasurer the custodian and the county commissioners the trustees of that fund. Fees admittedly collected and retained by the city after April 5 are the subject of this suit. The city says their disposition is governed by ordinance, not statute, because this is a local and municipal matter; also that said sections of chapter 144 are retrospective.

These questions are disposed of by amended article XXII of the Constitution, S. L. 1933, page 390, chapter 52. It was adopted at the general election November 8, 1932, and was therefore a part of the Constitution when said chapters 45 and 144, and the ordinances above referred to, were passed. The legislature and the city being charged with that knowledge must be held to have acted in the light thereof. By its provisions the regulation of the manufacture and sale of "all intoxicating liquors" became "exclusively" the subject of "statutory laws" from July 1, 1933. If this chapter conflicts in any way with said section 6 of article XX, or said section 11 of article II, those were, to that extent, amended by it. Thereby the regulation and sale of intoxicating liquor passed under the exclusive control of the legislature. *People ex rel. Carlson v. Denver*, 60 Colo. 370, 153 Pac. 690. When it became effective it operated on all liquor license revenue still existing and undisposed of. Such were the funds here in question. Hence the General Assembly had full control over them. We have heretofore acted upon this assumption although the particular question now before us was not raised in the case. *City of Sterling v. Commissioners*, 99 Colo. 77, 60 P. (2d) 222.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE YOUNG not participating.