No. 9601.

INTERSTATE BUSINESS EXCHANGE *v.* CITY AND COUNTY OF DENVER.

1. EMPLOYMENT AGENCY, *furnishing technically trained employes*, is not subject to police regulation as are those supplying common labor. *Wilson v. Denver*, 176 Pac. 17 followed.

2. ——*License Tax.* A city may impose a license tax upon such agency, in spite of the imposition of a like tax by the state. *Provident Loan Society v. Denver*, 172 Pac. 10 followed.

3. ——*Interstate Business.* A society which furnishes such employes to those without the state is not entitled to the protection of the statutes regulating interstate commerce where this is not its exclusive business.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. JOHN HIPP and Mr. GEORGE MARRS, for plaintiff in error.

Mr. JAMES A. MARSH and Mr. JACOB J. LIEBERMAN, for defendant in eror.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought to recover $750.00 claimed to have been illegally exacted from the plaintiff by the City and County of Denver, under the guise of a license fee demanded for the privilege of conducting its business therein. Defendant moved to strike out certain portions of the complaint, which motion was in part granted. An amended complaint was then filed, to which defendant interposed a demurrer on the ground that it did not state a cause of action. The demurrer was sustained and plaintiff elected to stand upon its complaint, and judgment of dismissal was entered. That judgment is now here for review.

The question involved is the right of the city to collect a license fee from defendant company for the privilege of conducting its business, which is that of an employment agent, engaged in furnishing technically trained persons to employers throughout the city, state and country. It is contended that the city has no such power, for the reason that the sum fixed was excessive as a police power license, and also because of the peculiar character of the business itself, which it is claimed removed it from the class of employment agencies furnishing common labor.

In view of the decision of this court in *Wilson v. City and County of Denver,* 65 Colo. 484, 178 Pac. 17, it is clear that employment agencies of the class here involved are not subject to police regulation as are those engaged in furnishing common labor. That case, however, does not determine that the city may not impose a license tax upon such employment agencies for the purpose of revenue. This is the only question in the case.

It is contended that the agency is licensed by the state and therefore the city is without power to compel payment of another tax. That the city may impose such tax, in spite of the payment of a state license, is definitely held in *Provident Loan Society v. City and County of Denver*, 64 Colo. 400, 172 Pac. 10.

The city bases its right to provide for the licensing of trades, callings and occupations upon section 137 of the Charter of 1904, which is as follows: "What callings shall be licensed, the license fee to be exacted in respect thereof in each case, and the conditions upon which the license shall be issued, shall, except as otherwise provided by the charter, be prescribed by general ordinance."

That the city may impose such an occupation tax as is provided for by the above section is clear from the decision in *Denver City Railway Co. v. Denver*, 21 Colo. 350, where this court, at page 356, 41 Pac. 826, (29 L. R. A. 608, 52 Am. St. 239) said: "Our conclusion is that the legislature, having in express terms conferred upon the city the power to tax, as well as to license and regulate, that the enactment of the ordinance under consideration was a legitimate exercise of that power, and the charge for license therein provided may be enforced as a valid tax."

In discussing the rule as to the right of a municipality to impose license taxes, it is said in 17 R. C. L. 536: "As it is elementary that every license tax is imposed for raising revenue, or as a police regulation, or for both purposes, it is a matter of indifference whether a license fee is exacted under the power to regulate or the power to tax, if the power to do either exists."

It is also contended that the business of the employment agency is interstate in character, and that a tax upon it is in effect an interference with interstate commerce. It is admitted, however, that some of the business done by it is intrastate and, moreover, that it has a state license. Without passing upon the effect of the business of furnishing employees to persons and corporations outside the state, which it is claimed is the main purpose of the agency

in question, it is apparent that such fact does not necessarily bring the business within the purview of the laws relating to interstate commerce, especially since that is not the exclusive business and purpose of the agency. In support of this proposition we quote the following from 17 R. C. L. 498: "A state statute imposing a general tax on certain kinds of business or occupations, and requiring a license to be taken out before such business or occupation shall be engaged in, must be construed as not applying to such business as may constitute interstate or foreign commerce, but only to such business of the kinds specified as constitutes local or state commerce, and to persons engaged or intending to engage therein. This is in accordance with the principle that when a statute is open to two possible interpretations, the court will adopt the one which will uphold the statute. Accordingly, if a corporation combines and carries on a local and state business, together with its interstate business, it is subject to state taxation and regulation so far as its local and state business is involved; and a statute is valid when applied to the local or state business of a corporation engaged in both state and interstate business or commerce, so long as it has a uniform operation throughout the state as to such business, and is not shown to be prohibitory or destructive thereof."

Applying this rule to the question before us, it appears that the city has the right at least to license the local business of the agency, regardless of the fact that the company does interstate business also.

Both upon principle and authority the license in question should be upheld as an exercise of the power to tax for the purpose of revenue. The judgment of the trial court is therefore affirmed.

*Judgment Affirmed.*

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.

Decided April 5, A. D. 1920.  Rehearing denied June 7, A. D. 1920.