## No. 13,497.

HOLLENBECK *v.* CITY AND COUNTY OF DENVER.

(49 P. [2d] 435)

Decided September 16, 1935.

Mr. Max D. Melville, Mr. W. Griffin Temple, for plaintiff in error.

Mr. James D. Parriott, Mr. Robert J. Kirschwing, Mr. Gerald E. McAuliffe, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

The parties will be referred to herein as Hollenbeck and the city. Hollenbeck admitted violation of a city ordinance which provides that each gasoline filling station shall annually pay a license fee of $25 for one gasoline dispenser and an additional annual fee of $10 for each dispenser in excess of one. The municipal court imposed a fine of $25 for the violation, and Hollenbeck took an appeal to the county court, where upon trial, the court imposed a fine and judgment thereon of $10, to which Hollenbeck assigns error. He contends that Ordinance No. 30, Series 1933, of the City and County of Denver is unconstitutional in that it contravenes section 25 of article II, and section 3 of article X, of the Colorado Constitution, which sections are generally designated as the "Due process" and "Uniformity" clauses. He bases his contention and attack upon three principal grounds: First, That in reality, the ordinance is a revenue measure enacted under the guise of the police power and that the revenue resulting therefrom is much in excess of the cost of inspection. Second, In that it does not affect all persons in the same class alike, it is discriminatory. Third, That it constitutes double taxation.

Complaint is also made of the admission of evidence respecting the time consumed by the fire department of the city in its inspection of gasoline filling sta-

tions, and by the police department in investigating robberies of such stations. Hollenbeck argues that members of both the fire and police departments are paid out of the general fund of the city—which was admitted—and therefore the time spent by such departments cannot be considered in the determination of the expense of licensing and inspecting filling stations under the ordinance. The evidence discloses, and natural reasoning would support the proposition, that the existence of gasoline filling stations within the city limits imposes an additional burden upon the two departments relative to supervision, fire prevention, and traffic regulation, and this of course, would enter into the ultimate cost to the city, necessitated by the existence and operation of this class of business, consequently evidence relevant to the question was properly received.

■■ As to the contention that the ordinance is a revenue measure enacted under the guise of police regulation, it is well settled that the city has the power to impose a license tax for either purpose, or for both purposes, and so long as this right exists, it is of no consequence to Hollenbeck, whether it is for one purpose or the other, or for both. The charter, or organic law of the city, section 137, clearly delegates the right to determine the business that may be licensed as well as the fee to be charged, to its legislative body, the city council, which is to be prescribed by general ordinance. That having been done, in the absence of any showing that it was arbitrarily done, the council's action is not subject to review by the courts unless the ordinance so enacted operates as a prohibition of a legitimate occupation or business and one not inherently dangerous to public welfare.

■ The council being vested with the right to classify various industries, occupations or businesses for the purpose of license or regulation, its right to make the distinction between gasoline filling stations as such, and gasoline dispensers operated in connection with

garages, to the end that the ordinance in question exempts from its provisions dispensers connected with garages, was in keeping with its right to make its declaration of policy and its action relative thereto is therefore valid. That there is such distinction is apparent. The one constitutes a separate and distinct business, while the other is incidental to the main business otherwise licensed or taxed. All in each class are affected alike by the ordinance, and it is not discriminatory.

██ The license tax imposed herein is determined by the extent of the privilege taxed and is not fixed as a property tax upon the value of the property involved. It clearly is an excise tax, permissible in addition to a general property tax without contravening the Constitution, and is therefore not vulnerable to the objection made by Hollenbeck that it is double taxation.

Judgment affirmed.