No. 14,864.

STATE OF COLORADO ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.

EBER ET AL. INTERVENERS.
(106 P. [2d] 317)

Decided November 1, 1940.

Mr. Byron G. Rogers, Attorney General, Mr. Henry E. Lutz, Deputy, Mr. George K. Thomas, Assistant, for plaintiffs in error.

Mr. Malcolm Lindsey, Mr. Robert J. Kirschwing, Mr. Wayne D. Williams, for defendants in error.

Mr. I. L. Quiat, Mr. Ralph J. Cummings, Mr. Julius F. Seeman, for interveners.

*En Banc.*

Mr. Justice Francis E. Bouck delivered the opinion of the court.

We are asked to review a declaratory judgment of the Denver district court.

The case presents a controversy between the State of Colorado (plaintiff below and plaintiff in error here), and the City and County of Denver (defendant below). It concerns moneys collected as a so-called cigarette tax under Denver's ordinance No. 60 of the series of 1940. The State claims, and Denver denies, that eighty-five per cent of those moneys must be paid over to the state old age pension fund under the Old Age Pension Amendment (S.L. '37, chapter 200) which by adoption at the election of 1936 became article XXIV of the Constitution of Colorado.

The Amendment, with ommission of those portions which are not germane to our discussion, is as follows:

"Section 2. There is hereby set aside, allocated and allotted to the Old Age Pension Fund sums and money as follows:

"(a) Beginning January 1, 1937, eighty-five per cent of all net revenue accrued or accruing, received or re-

ceivable from any and all excise taxes now or hereafter levied upon sales at retail, or any other purchase transaction; together with eighty-five per cent of the net revenue derived from any excise taxes now or hereafter levied upon the storage, use, or consumption of any commodity or product; together with eighty-five per cent of all license fees imposed by the provisions of Chapter 189, Session Laws of Colorado, 1935, and amendments thereto; Provided, however, that no part of the revenue derived from excise taxes now or hereafter levied, for highway purposes, upon gasoline or other motor fuel, shall be made a part of said Old Age Pension Fund."

■■ The question before us is whether the proceeds from the aforesaid Denver cigarette tax fall within the scope of this amendment.

Reading the quoted constitutional provision as written, we fail to find any language which expressly or by reasonable inference refers to taxes or license fees that have been imposed by a municipality, or otherwise than by the usual legislative procedure of the state as a whole. Inasmuch as the moneys in question were derived from payments required by a municipal ordinance that established what it calls an occupation tax — entirely apart from state legislation—it is immaterial what kind of tax we may call the cigarette tax here involved. Obviously the moneys do not come within the purview of the amendment.

The case of *Denver v. People,* 103 Colo. 565, 88 P. (2d) 89, cited by the State, is not in point. That case arose under subdivision (b) of section 2 of the Old Age Pension Amendment, not under subdivision (a) now under consideration. The opinion there discloses nothing inconsistent with our present views.

■■ The interveners asked the lower court to declare, and it did declare, that a certain proposed ordinance now pending before the city council of Denver would, if finally enacted, transform the cigarette tax—whether it now be an occupation tax or something else—into a

sales tax. In the view we take as above stated this question turns out to be no part of the controversy and should not be answered. The part of the district court judgment which declares the alleged effect that the proposed amendatory ordinance would have upon the nature of the cigarette tax must therefore be eliminated. As so modified, the judgment of the district court, declaring that the proceeds of the cigarette tax are not legally payable into the old age pension fund, is affirmed.

Judgment modified and affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Young, who were not present when the matter was argued, do not participate in the decision.