## No. 15,984.

### POST, DOING BUSINESS AS CITY LIQUOR STORE ET AL. *v.* CITY OF GRAND JUNCTION.

(195 P. [2d] 958)

Decided June 28, 1948.

Messrs. ADAMS & HECKMAN, Mr. C. J. TRAYLOR, Mr. AMOS L. RASO, for plaintiffs in error.

Mr. JOHN C. BANKS, for defendant in error.

Mr. BENJAMIN F. KOPERLIK, Mr. FREDERICK T. HENRY, Mr. CHARLES M. ROSE, amici curiae.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS is an action brought by certain liquor dealers of the city of Grand Junction for a judgment declaring an ordinance of that city, imposing an occupational tax upon all persons engaged in the sale of malt, vinous and spirituous liquors, unconstitutional and void. Pursuant to motion, summary judgment was duly entered in favor of the city, declaring said ordinance constitutional, and plaintiffs bring the judgment here for review by writ of error.

Two questions are presented: (1) Can the City of Grand Junction, in view of article XXII of the Constitution, legally impose for revenue purposes only, an occupational tax upon liquor dealers; and (2) if so, must eighty-five per cent of the proceeds thereof be allocated to the old age pension fund under the provisions of article XXIV of the Constitution?

At the outset it is pertinent to observe that municipal authority, in the absence of constitutional restrictions, to impose occupational excise taxes purely for revenue for the support of its government, no longer is open to serious question. *Denver v. Hallett,* 34 Colo. 393, 398, 83 Pac. 1066; *Parsons v. People,* 32 Colo. 221, 76 Pac. 666; *American Smelting & Refining Co. v. People, ex rel.,* 34 Colo. 240, 82 Pac. 531; *Fort Collins v. Public Utilities Com.,* 69 Colo. 554, 556, 195 Pac. 1099; *Denver City Railway Co. v. Denver,* 21 Colo. 350, 41 Pac. 826;

*Hollenbeck v. Denver,* 97 Colo. 370, 49 P. (2d) 435; *Interstate Business Exchange v. Denver,* 68 Colo. 318, 190 Pac. 508.

It is contended that said ordinance is in conflict with article XXII of the state Constitution and is an unlawful attempt on the part of the city to regulate the sale of intoxicating liquor. That article provides: "The manufacture, sale and distribution, of all intoxicating liquors, * * * shall * * * be performed exclusively by or through such agencies and under such regulations as may hereafter be provided by statutory laws of the state of Colorado * * *."

It is recited in the ordinance, and plaintiffs in their complaint admit, that the "sole purpose" of the ordinance "is to raise revenue for the city of Grand Junction." Plaintiffs, however, assert that the exclusive power in the legislature to regulate, conferred by the Constitution, includes, also, the exclusive power to tax, and that by virtue thereof cities are divested of all power theretofore possessed and exercised to impose occupational excise taxes for local purposes. In making such contention the distinction between regulation and taxation is overlooked. The authority of the state to regulate the sale of liquor is predicated upon the police power, and is exercised in the interest of the health, safety, morals, and general welfare of the people. On the other hand, the power of the city to levy the tax, involved herein, is based upon its taxing power to provide revenue for the maintenance of the local government. This distinction is thoroughly established, and with few exceptions, universally recognized. 38 Am. Jur., p. 15, §322; 3 McQuillan Municipal Corporations (2d ed. rev.), p. 667, §1091; 4 Dillon Municipal Corporations (5th ed.) §1408; *City of Coos Bay v. Aerie No. 538 Order of Eagles,* 179 Ore. 83, 170 P. (2d) 389; *Walker v. Bedford,* 93 Colo. 400, 26 P. (2d) 1051; *Denver v. People,* 103 Colo. 565, 88 P. (2d) 89; *City of Sterling v. Board of Com'rs,* 99 Colo. 77, 60 P. (2d) 222; *City of Colorado Springs v. People,* 99 Colo.

525, 63 .P. (2d) 1244; *Bedford v. Sinclair*, 112 Colo. 176, 147 P. (2d) 486.

The ordinance here under consideration was carefully prepared, and the above distinction fully recognized with the obvious intention of avoiding any conflict between the power of the state to regulate, and the power of cities to tax. In keeping with the above distinction, the city council, as the statutory liquor licensing authority of the state, is expressly precluded by said ordinance from considering any delinquency in the payment of the tax for which provision is made in said ordinance as grounds for suspending or revoking a license. Methods for collection of the tax are provided by the ordinance which can in no way interfere with the license; the ordinance further provides that no conviction for its violation "shall work a revocation of the license of the defendant issued under the laws of the state of Colorado;" and it is further declared that the council, in adopting the ordinance, considered "the nature of the business of selling at retail 3.2% beer, malt, vinous and spirituous liquors for beverage purposes, and the relation of such business to the municipal welfare, as well as the relation thereof to the expenditures required of the city, and a proper, just and equitable distribution of tax burdens within the city, and all other matters proper to be considered in relation thereto, that the classification of said business as a separate occupation is reasonable, proper, uniform and non-discriminatory, and that the amount of tax hereby imposed by this ordinance is reasonable, proper, uniform and non-discriminatory and necessary for the just and proper distribution of tax burdens within the City of Grand Junction."

In all of said provisions, the above distinction between the police and taxing powers are observed.

By article XXII of the Constitution, the people of the state authorized the legislature to designate the agencies which shall perform the acts necessary for the manufacture, sale and distribution of liquor, and to ex-

clusively make regulations concerning the same. No attempt is made by said ordinance to in any way usurp the power of the legislature to regulate such sale of liquor. All other governmental powers, including the power to tax, is deliberately omitted from the constitutional provision, and the city was not deprived of its authority to levy occupational taxes by said constitutional provision. It is to be noted that even the exclusive power of the legislature to regulate is limited to the specific acts of manufacture, sale and distribution of intoxicating liquors, and does not affect any other regulation.

In *City of Coos Bay v. Aerie No. 538 Order of Eagles, supra,* the supreme court of Oregon had before it the identical questions here considered, and specifically, whether or not an ordinance of the City of Coos Bay, similar to the one here under consideration, was in conflict with the Oregon liquor control acts which vest exclusive power to regulate the sale of liquor in a commission. It was there said:

"The Oregon liquor control act and chapter 271, *supra,* are regulatory measures involving the exercise of the police power. Their principal purpose is to regulate and control traffic in alcoholic beverages. §24-102, O.C.L.A. The revenues derived from the fees provided in the two acts are intended primarily to defray the cost of administering the acts and are only incidental to their main purpose. [citing authority]

"On the other hand, ordinance No. 1590 was not passed as an exercise of the police power. It is a revenue measure based upon the taxing power of the city. [citing authority] It does not seek to regulate the business of persons engaged in the traffic of alcoholic beverages.

"* * * The power and authority were conferred upon the city to license for the purpose of revenue 'all such business, callings, trades, * * * as the Council may require to be licensed, * * *.'

* * *

"The Oregon liquor control act vests exclusive authority in the Oregon liquor control commission to control and regulate the sale of alcoholic beverages throughout the state. [citing authority] * * * We are therefore confronted with the question of whether ordinance No. 1590 is inconsistent with the provisions of that act. In passing upon a similar matter, the court, in *Ex parte Galusha*, 184 Cal. 697, 195 P. 406, said:

" ' * * * The municipality, in imposing an occupational tax upon attorneys, is not interfering with state regulations, for it is not attempting to prescribe qualifications for attorneys different from or additional to those prescribed by the state. It is merely providing for an increase in its revenue by imposing a tax upon those who, by pursuing their profession within its limits, are deriving benefits from the advantages especially afforded by the city. The tax is levied upon the business of practicing law, rather than upon a person because he is an attorney at law. [citing authority] A license to practice does not carry with it exemption from taxation.'

\* \* \*

"Securing of revenue for municipal purposes is peculiarly a matter of local concern. One of the methods of procuring such funds, and firmly established in the municipal legislation of this state, is the imposition of an occupation or privilege tax.

\* \* \*

"The tax imposed by ordinance No. 1590 is not on the right to sell alcoholic beverages; it is levied upon the business of operating clubs, night clubs, and service establishments, as defined in the ordinance. These businesses are deriving benefits from the advantages afforded by the city, and it is for such benefits that occupation or privilege taxes are levied.

\* \* \*

"This ordinance, as we construe it, is not in conflict with the clause in §24-315, O.C.L.A., as amended by §1, chapter 280, Oregon Laws, 1945, on which the defend-

ants rely and which reads: 'No incorporated city or county of this state shall impose any fee or tax in connection with the production, sale, licensing or handling of alcoholic beverages or malt beverages. The tax imposed by the ordinance is not in connection with the production or sale of alcoholic or malt beverages. It is limited to certain designated businesses where liquor is served.

"Nor is it a tax in connection with the handling of alcoholic or malt beverages. * * * "

We therefore conclude that the ordinance here in question is not in conflict with the above constitutional provision.

■ Upon the second question above stated, said ordinance provides: "The purpose of this ordinance being to raise revenue for the City of Grand Junction, and to secure a proper distribution of the burden of taxation, this ordinance shall be void in case the supreme court shall hold that any part of the moneys to be raised under this ordinance must be used for any other purpose."

It is contended by plaintiffs that eighty-five per cent of all net revenue resulting from said ordinance must be used for old age pensions pursuant to article XXIV of the Constitution, and by reason of the above provision the ordinance is void. Article XXIV of the Constitution provides, inter alia: "Eighty-five per cent of all net revenue accrued or accruing, received or receivable from taxes of whatever kind upon all malt, vinous, or spirituous liquor, both intoxicating and non-intoxicating, and license fees connected therewith," shall be allocated to the old age pension fund.

The obvious answer to this contention is that the tax sought to be imposed by the ordinance is not a tax upon liquor but is an occupational excise tax upon the business of selling liquor. Such taxes do not come within the purview of the above article of the Constitution. *State v. Denver,* 106 Colo. 519, 107 P. (2d) 317.

The same article was before us in *Bedford v. Sinclair,*

*supra,* where it was contended that eighty-five per cent of the proceeds of the general ad valorem tax levy upon liquor as property must be allotted to the old age pension fund because it represented revenue "* * * received * * * from taxes of whatever kind upon * * * liquor." Contrary to such contention we said: "When we reflect that the pension fund is of state origin and source, and not local, it is sound to conclude that counties, municipalities and school districts, were they to attempt to make levies in behalf of the pension fund, would be acting without authority, and their levies would be abortive. It is quite as clear, we think, that revenues arising from their levies in the interest of activities concerning which they may proceed in that regard, cannot be diverted from their declared purposes. In a word, revenues resulting from their levies must be employed in accordance with the law of authority, or not at all."

We conclude from the foregoing that neither the state nor municipalities are deprived by the amendment of the right to levy taxes for all lawful purposes; that the ordinance imposing an occupational tax upon liquor dealers by the defendant city herein is valid and that no part of the proceeds resulting therefrom may lawfully be diverted from its declared purpose.

The judgment is affirmed.

MR. JUSTICE HILLIARD dissents.