No. 19,010.

Marvin Ping *v.* City of Cortez and
Louida M. Henry, Clerk, etc.
(342 P. [2d] 657)

Decided July 6, 1959.

Mr. Marvin Ping, pro se.

Messrs. Garrison, Dilts & Hancock, for defendants in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

The parties are here in the same order as in the trial court and will be referred to as they there appeared.

Plaintiff, on behalf of himself and other persons similarly situated, brought a class action against the defendants challenging the constitutionality of City Ordinance No. 316, levying an occupational tax of $25.00 upon every business in the City of Cortez. The term "busi-

ness" was defined in the ordinance as any "business, trade, occupation, profession, avocation, or calling of any kind, having a fixed or transitory situs in Cortez." The ordinance exempted from the tax any business exempt by federal or state laws, employees, and any business already licensed by the city under state or federal law or any other city ordinance. Upon trial of the issues, the court declared the ordinance constitutional and denied plaintiff the relief requested. Motion for new trial was dispensed with. It is conceded that the ordinance is purely a revenue measure and was not enacted pursuant to any police powers of the city.

Plaintiff contends: 1. That the ordinance offends against Article XIV, Section 1 of the Constitution of the United States and Article II, Section 3 of the Constitution of the State of Colorado guaranteeing to all persons equal protection of the law, and 2. it also violates Article II, Section 25 of the Constitution of the State of Colorado by denying due process of law to the persons affected thereby.

■■ In support of his position plaintiff relies entirely on the case of *Williams v. Richmond,* 177 Va. 477, 14 S.E. (2d) 287, 134 A.L.R. 833. Significantly the annotator of A.L.R. stated, inter alia, "Extensive search has disclosed no decision squarely within the scope of this annotation other than Williams v. Richmond * * *." 134 A.L.R. 842. We need not, however, go outside Colorado for answers to the questions here presented. *Jackson v. Glenwood Springs,* 122 Colo. 323, 221 P. (2d) 1083, discusses *Williams v. Richmond,* supra, and in addition answers every contention of plaintiff. An analysis of both cases and the distinguishing features of each as compared with the ordinance under consideration here are ably set out in the conclusions of the trial court, and we can do no better than to quote the learned trial judge:

"Another point raised by plaintiffs is that the Cortez ordinance violates the due process clauses of our Federal and State Constitutions in that it is discriminatory,

confiscatory and prohibitive of small business enterprise. A strong case is made out by the presentation, as authority, of *Williams et al. v. City of Richmond (Va.)*, 14 S.E. (2) 287, to which we have given thorough and careful consideration. The ordinance there involved contained a 'catch-all' provision pertaining to every business, occupation and profession not otherwise specifically designated, and levying on each a tax of $50 per annum. The gist of the Virginia court's ruling is that a tax in such amount, applying alike to the newsboy and the bank president 'would be a death blow to certain modest callings' and therefore in contravention of the due process clauses.

"It is uniformly held that wide discretion is allowed the legislative power in making classifications of trade and businesses which may be subject to a license tax. If the classification is neither capricious, nor arbitrary and rests upon some reasonable consideration of differences it is usually inoffensive to the equal protection provision of the Constitution (*Williams v. Richmond*, supra). It is true that that very decision concludes that the Richmond ordinance, providing a *$50* tax is 'whimsical, irrational, capricious, and grossly unjust' *thru* its 'unceremonious lumping of the newsboy and the steel magnate, the music teacher, and the dental laboratory,' and upon this ruling the plaintiffs in the case before us place great reliance.

"Now, what is a measuring stick for capriciousness, arbitrariness, confiscation? We have one in Colorado, provided by our own Supreme Court in the case of *Jackson v. Glenwood Springs*, 122 Colo. 323. There, *altho* the rate is graduated according to number of employees, etc., the ultimate effect of the decision is to uphold a tax of *$20* per year on the self-employed bootblack and the self-employed attorney alike, with a finding that 'the classification set out in the Glenwood Springs ordinance is (not) arbitrary or capricious, nor do we agree that it rests upon no substantial or reasonable basis' (p. 328).

578

While, as we have stated, the Glenwood tax is increased according to the number of employes, the same rate of increase applies to the bootblack with two employes as to the attorney with two employes. The upholding of a $20 tax on bootblack and attorney alike as not being discriminatory or confiscatory by our own Supreme Court would not, in our opinion, warrant a finding that the $25 tax provided in the Cortez ordinance would fall within the prohibited categories."

The judgment of the trial court is affirmed.