## No. 26925

**The Board of Trustees of the Town of Minturn, Colorado v. Foster Lumber Company, Inc., a Colorado corporation**

(548 P.2d 1276)

Decided April 19, 1976. Opinion modified and as modified rehearing denied May 10, 1976.

Cosgriff, Dunn & French, John W. Dunn, for defendant-appellant.

David C. Wells, Terry W. Scoby, for plaintiff-appellee.

Susan K. Griffiths, for amicus curiae Colorado Municipal League.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.


Appellant Town of Minturn appeals from a declaratory judgment which held its Ordinance No. 129, Series of 1974, null and void and which permanently enjoined appellant from enforcing the ordinance. We affirm.

On December 8, 1974, the board of trustees of Minturn adopted Ordinance No. 129, which imposed what was denominated an "occupation tax" on all construction and building materials businesses and occupations in the town of Minturn. The ordinance applied to only five of approximately thirty local retail businesses. This new tax was levied at the rate of two percent of the total gross revenues derived from sales occurring within the corporate limits of the town.

On the same day, December 8, the real property on which appellee Foster Lumber Company is located was annexed to Minturn. Foster Lumber operates a lumber yard and the gross annual sales for its financial year ending July 31, 1974, totaled nearly two million dollars. It was stipulated that more than ninety-five percent of these sales were of materials for use outside of Minturn. Approximately fifteen percent of the sales are delivered by Foster Lumber's suppliers directly to job sites outside of the town. It is undisputed that appellee's initial liability under the ordinance would have amounted to $37,268, based upon gross sales for fiscal 1974.

In March 1975, Foster Lumber filed suit in the district court, seeking a declaration of the unconstitutionality of the ordinance and a temporary and a permanent injunction against its enforcement. After an evidentiary hearing, the court denied Foster Lumber's motion for a temporary injunction. The essential facts of the controversy were undisputed and were reduced to a written stipulation. Both appellant and appellee filed motions for a summary judgment. The court declared the tax null and void for several reasons, among which was its conclusion that the tax was an income tax on sales occurring within the town, which the board of trustees had no power to impose. The permanent injunction issued, and from this judgment the city appealed.

■    The determinative issue is whether the tax imposed is a genuine "occupation tax" enacted pursuant to section 31-15-301(1)(b), C.R.S. 1973,[1] or whether it is in reality an income tax which only the state of Colorado may impose, *Colo. Const.* Art. X, Sec. 17; *Denver v. Sweet*, 138 Colo. 41, 329 P.2d 441. We agree with the trial court that the tax is an income tax the enactment of which is beyond appellant's legislative competence.

---

[1] Now Colo. Sess. Laws 1975, ch. 275, 31-15-501(1)(c), at p. 1110.

■ It is clear that section 31-15-301(1)(b), C.R.S. 1973, authorized municipalities to impose occupation taxes on local businesses. It is also clear that the language used by the legislative body in denominating the nature of the tax assessed is not determinative of its true character. *Englewood v. Wright*, 147 Colo. 537, 364 P.2d 569; *Walker v. Bedford*, 93 Colo. 400, 26 P.2d 1051.

This court has never addressed the precise question of whether a gross receipts tax can be validated as a true occupation tax. Appellant cites many cases from other jurisdictions which are said to stand for the proposition that such taxes are unobjectionable. These cases we find unpersuasive. Some are altogether inapposite or only marginally related to the matter here at issue,[2] others were decided in states where the legislature had specifically authorized the imposition of a gross receipts tax,[3] while still others do hold, though with little or no analysis, that a gross receipts tax on businesses is not an income tax.[4] In any event, we believe that this dispute may be resolved without resort to decisions from other jurisdictions.

■ The purpose of an occupation tax is to tax the owners of businesses for the privilege of conducting various classes of businesses within the boundaries of the city. *Denver v. Duffy*, 168 Colo. 91, 450 P.2d 339 (Kelley, J., concurring in part and dissenting in part), *appeal dismissed*, 396 U.S. 2, 90 S.Ct. 23, 24 L.Ed.2d 1. This court has often rejected challenges to such levies. *Tom's Tavern v. Boulder*, 186 Colo. 321, 526 P.2d 1328; *Springston v. Ft. Collins*, 184 Colo. 126, 518 P.2d 939; *Englewood v. Wright, supra; Ping v. Cortez*, 139 Colo. 575, 342 P.2d 657; *Jackson v. Glenwood Springs*, 122 Colo. 323, 221 P.2d 1083; *Post v. Grand Junction*, 118 Colo. 434, 195 P.2d 958; *Hollenbeck v. Denver*, 97 Colo. 370, 49 P.2d 435; *Denver City Ry. Co. v. Denver*, 21 Colo. 350, 41 P. 826. The nature of the taxes approved in these decisions is indicative, however, of the type of taxation which we believe was contemplated by the legislature in section 31-15-301(1)(b). In each case, the tax was a license fee, fixed at a flat rate. *Tom's Tavern*, for example, involved an annual fee of one thousand five hundred dollars for hotel and restaurant liquor licenses, while *Duffy* upheld a two-dollar "business occupational privilege tax" (the "head tax") on individuals working within the city, and *Ping* approved a twenty-five dollar occupation tax imposed on all city businesses.

---

[2] *E.g., Kansas City v. Graybar Electric Company, Inc.*, 485 S.W.2d 38 (Mo. 1972); *Dravo Corporation v. City of Tacoma*, 80 Wash. 2d 590, 496 P.2d 504; *O. H. Martin Co. v. Borough of Sharpsburg*, 376 Pa. 242, 102 A.2d 125.

[3] *Peoples Gas Light & Coke Company v. City of Chicago*, 9 Ill. 2d 348, 137 N.E.2d 330; *United Air Lines v. Joseph*, 282 App. Div. 48, 121 N.Y.S.2d 692.

[4] *E.g., Town of Hackelburg v. Northwest Alabama Gas Dist.*, 277 Ala. 355, 170 So. 2d 792; *National Biscuit Co. v. City of Philadelphia*, 374 Pa. 604, 98 A.2d 182; *Davis v. Ogden City*, 117 Utah 315, 215 P.2d 616, 223 P.2d 412, 16 A.L.R.2d 1208; *Franklin v. Peterson*, 87 Cal. App. 2d 727, 197 P.2d 788.

Further analysis is not required to make clear the difference between the license taxes heretofore found valid, and the attempt by Minturn to calculate its tax on the basis of gross receipts. In *Johnson v. Denver*, 186 Colo. 398, 527 P.2d 883, which involved the Denver head tax, we discussed the issue of whether that tax was an income tax. In holding that it was not an income tax, we noted that the tax was levied on the person and the privilege of working in Denver, and that it was a uniform, flat fee which bore no relation to income. The clear inference is that an income tax, whether net or gross, bears a direct relation to the income or receipts of a business. An occupation tax bears no such relationship. The latter is a tax upon the very privilege of doing business, and does not fluctuate from month to month depending upon the financial success or sales of the enterprise.[5]

That the tax in question was levied on the total gross revenues derived from sales rather than net income has no bearing on the issue of whether the tax is an income tax. We said in *California Co. v. Colorado*, 141 Colo. 288, 348 P.2d 382, *appeal dismissed*, 364 U.S. 285, 81 S.Ct. 42, 5 L.Ed.2d 37, that gross income and net income taxes are both "income taxes" and that "their difference is a matter of degree." We therefore hold that this tax is a tax on income, the levy of which is in excess of the powers delegated to Colorado municipalities.

We recognize that many cities and towns are in difficult financial positions, but as we noted in *Johnson, supra*, it is a legislative and not a judicial function to provide the means by which local governments may raise greater revenues.

In view of our holding, we find it unnecessary to discuss the other reasons advanced by the court in support of its conclusion that the ordinance in question is invalid.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY do not participate.

---

[5] The tax in question is in no sense a sales tax. Sections 29-2-101 *et seq.*, C.R.S. 1973.