# No. 27513

**Mountain States Telephone and Telegraph Company v. City of Colorado Springs**

(572 P.2d 834)

Decided December 27, 1977.

Spurgeon, Haney & Howbert, P.C., W. Allen Spurgeon, for plaintiff-appellee.

Gordon D. Hinds, City Attorney, Tad S. Foster, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The city of Colorado Springs appeals from a decision of the El Paso County District Court declaring its Ordinance No. 3590 to be unconstitutional. We affirm the trial court's judgment.

On December 26, 1967, the city of Colorado Springs enacted Ordinance No. 3590, entitled: "An Ordinance Imposing a Utility Occupation Tax on Certain Public Utilities Operating Within the City of Colorado Springs; and to Provide Penalties Thereto." The tax was assessed at three percent of the "gross revenues received by such public utility from its operations within the City." As applied to appellee, it was comprised of three percent of "revenues received from local exchange telephone service."

Pursuant to this ordinance, the city has been collecting the so-called "occupation tax" from appellee Mountain States Telephone and Telegraph Company since 1968. On May 10, 1976, this court decided the case of *Board of Trustees of the Town of Minturn v. Foster Lumber*, 190 Colo. 479, 548 P.2d 1276. That case held that a municipal ordinance which assessed an "occupation tax" on the basis of total gross revenues derived from sales was, in fact, the levy of an income tax in excess of the powers constitutionally delegated to Colorado municipalities. On June 11, 1976, appellee filed a lawsuit seeking a declaratory judgment that Ordinance No. 3590 was unconstitutional, and thus invalid.

On November 16, 1976, the district court granted appellee's summary judgment motion. The court held that the *Minturn* decision was controlling and that the "occupation tax" was in reality an invalid income tax imposed by the city on the appellee.

We agree with the trial court that the *Minturn* decision is dispositive of this case. As in *Minturn*, appellant has denominated its tax to be an "occupation tax." Similar to the ordinance in *Minturn*, Ordinance No.

3590 assesses the tax as a percentage of gross revenues derived from services rendered within municipal limits. The difference between *Minturn* and the instant case is that the municipal ordinance in *Minturn* applied to sales by construction and building materials businesses, while this municipal ordinance applies to local services by public utilities. In our view, however, this difference in the subjects of the tax does not alter the legal principles involved.

We note that an occupation tax is a tax on the privilege of doing business. *See* section 31-15-501(1)(c), C.R.S. 1973 (1975 Supp.). We reaffirm our statement in *Minturn* that an occupation tax "does not fluctuate from month to month depending upon the financial success or sales of the enterprise." A tax based upon gross revenues derived from local telephone services is pegged to financial success and sales. Thus, it is not a tax on the privilege of doing business, but rather is an income tax. Since only the state may impose income taxes, the city of Colorado Springs has exceeded its municipal powers. *Colo. Const.*, Art. X, Sec. 17; *Denver v. Sweet*, 138 Colo. 41, 329 P.2d 441.

In the alternative, appellant urges that this court, in lieu of declaring the Colorado Springs tax to be an income tax and thus unconstitutional, should conclude that the tax is valid as a local sales tax. Appellant urges that by analogy to the Colorado sales and use tax statute and to the city of Colorado Springs sales and use tax ordinance, this court should construe Ordinance No. 3590 as a valid sales tax ordinance.

Such a construction of Ordinance No. 3590 as a sales tax ordinance flies in the face of the clear intent of the drafters to levy an occupation tax. It was expressly levied "on and against all public utilities maintaining facilities and carrying on operations* * *." Its incidence was on the public utility itself and not on the consumers. Although a Public Utilities Commission decision allowed this tax to be separately charged on each consumer's monthly bill, this administrative decision does not alter the character of the tax. This was never intended to be a sales tax and we refuse to construe it as one now.

The judgment is affirmed.