Paul SCHEIBE and Judy Scheibe, d/b/a Best Western Eagle Lodge; and Eagle Economy Lodging, L.L.C., d/b/a Holiday Inn Express, Plaintiffs–Appellants,

v.

TOWN OF EAGLE, a Colorado statutory town; Roxie Deane, in her capacity as Mayor of Eagle; Rick Dunford, Jean Johnson, Bill Heicher, Paul Gregg, Tom Ehrenberg, and Bruce Hasbrouck, in their capacities as members of the Board of Trustees of the Town of Eagle, Defendants–Appellees.

No. 97CA1977.

Colorado Court of Appeals,
Div. IV.

Feb. 4, 1999.

Certiorari Granted Sept. 13, 1999.

Alexander & Crabtree, P.C., C. Scott Crabtree, Stephen Fitzsimmons, Denver, Colorado, for Plaintiffs–Appellants.

Carter & Sands, P.C., Edward P. Sands, Rifle, Colorado, for Defendants–Appellees.

Michael T. McDonnell, Englewood, Colorado, Amicus Curiae for Colorado Hotel & Lodging Association.

David W. Broadwell, Denver, Colorado, Amicus Curiae for Colorado Municipal League.

Opinion by Judge RULAND.

Plaintiffs, Paul Scheibe, Judy Scheibe, and Eagle Economy Lodging, appeal from a summary judgment determining that an occupation tax imposed by defendant Town of Eagle is valid. Defendants Roxie Deane, Rick Dunford, Jean Johnson, Bill Heicher, Paul Gregg, Tom Ehrenberg, and Bruce Hasbrouck appear in their official capacities as mayor and trustees of Eagle. We reverse and remand with directions.

Eagle is a statutory town established pursuant to § 31–1–203, C.R.S.1998. Section 31–15–501(1)(c), C.R.S.1998, authorizes Eagle to levy occupational taxes.

Voters in the Town of Eagle approved an ordinance establishing a "lodging occupation tax." The tax is imposed upon every person or business that furnishes any hotel or motel room or guest house for less than 30 consecutive days. The amount of the tax is $2 per day per room "sold," and is payable at the end of each month.

Plaintiffs filed this action seeking a declaratory judgment that Eagle is not authorized to impose this type of tax. Following submissions of the parties in connection with cross-motions for summary judgment, the trial court held that the ordinance was valid. This appeal followed.

Relying upon *Board of Trustees of the Town of Minturn v. Foster Lumber Co.*, 190 Colo. 479, 548 P.2d 1276 (1976), and its sequel, *Mountain States Telephone & Telegraph Co. v. City of Colorado Springs*, 194 Colo. 404, 572 P.2d 834 (1977), plaintiffs argue that the occupation tax adopted by defendants must be set aside because it fluctu-

ates from month-to-month depending upon the "sales" of lodging by plaintiffs. Defendants respond that the tax is valid because it does not bear a direct relation to the income or profits of plaintiffs' businesses. We agree with plaintiffs.

In *Minturn,* our supreme court had occasion to address the validity of an "occupation tax" adopted by the Town of Minturn for sales of construction and building materials. The tax was levied at the rate of 2% of the total gross revenue derived from those sales occurring within the corporate limits of the town.

The court concluded the tax was invalid because, in fact, it was an income tax that only the State of Colorado may impose. *See* Colo. Const. art. X, § 14. In so doing, the *Minturn* court noted its prior decision in *Johnson v. City & County of Denver,* 186 Colo. 398, 527 P.2d 883 (1974), in which the Denver head tax was addressed in the context of a federal statute. The court stated:

> In holding that it [the head tax] was not an income tax, we noted that the tax was levied on the person and the privilege of working in Denver, and that it was a uniform, flat fee which bore no relation to income. The clear inference is that an income tax, whether net or gross, bears a direct relation to the income or receipts of a business. An occupation tax bears no such relationship. The latter is a tax upon the very privilege of doing business, and does not fluctuate from month to month depending upon the financial success or *sales* of the enterprise. (emphasis supplied)

*Board of Trustees v. Foster Lumber Co., supra,* 190 Colo. at 482, 548 P.2d at 1278.

Later, in *Mountain States,* our supreme court quoted with approval the above statement in *Minturn* concerning the fact that an occupation tax does not vary depending on the income of the enterprise. On this basis, a tax adopted by Colorado Springs, based upon the total gross revenues derived from service sales by the telephone company, was deemed an invalid income tax.

Here, defendants contend, and the trial court agreed, that Eagle's tax is valid because it consists of a flat rate of $2 per room rental per day and because this rate remains constant regardless of the price of the rooms or the gross sales of the business. On this basis, defendants argue that there is no direct relationship between the gross revenues and the tax. We are not persuaded.

Although the rate may be constant, the tax paid is not. Rather, the amount of tax necessarily fluctuates each month based upon the number of plaintiffs' room "sales." And, as we read *Minturn* and *Mountain States,* this mathematical reality precludes the tax from being characterized as an occupation tax.

Nor do we view *City & County of Denver v. Duffy Storage & Moving Co.,* 168 Colo. 91, 450 P.2d 339 (1969) as support for defendants' contention. There, a tax was imposed on the number of employees earning more than $250 per month. However, the tax had no relationship to the gross sales of any employer's business. Further, to the extent defendants suggest that *Duffy*'s analysis should be applied as indicating an exception to the *Minturn* rule, we note that *Minturn* was decided after *Duffy.*

Finally, our supreme court has acknowledged the validity of the *Minturn* analysis recently in *Apollo Stereo Music v. City of Aurora,* 871 P.2d 1206 (Colo.1994).

We recognize, as defendants argue, that, by limiting the tax to only rooms that are rented as opposed to both rented and unrented rooms, the assessments benefit plaintiffs because the amount of the tax is less than it could be. We also note the suggestion in the brief by the Colorado Municipal League that a number of towns have adopted taxes similar to Eagle's and that this opinion may impact those ordinances. Nevertheless, under established rules of *stare decisis,* this court is not at liberty to disregard the analysis in *Minturn. See Order of United Commercial Travelers v. Boaz,* 27 Colo.App. 423, 150 P. 822 (1915).

The judgment is reversed and the cause is remanded with directions to enter judgment declaring the Eagle "lodging occupation tax" invalid.

Judge NEY and Judge ROTHENBERG concur.