## No. 9524.

CITY OF PUEBLO *v.* PUBLIC UTILITIES COMMISSION ET AL.

1. PUBLIC UTILITIES COMMISSION—*Powers.* The commission is without power to fix rates in municipal corporations organized under Article XX of the Constitution; and does not acquire such jurisdiction even though such municipalities fail to act, or proceed illegally.

*En Banc.*

*Writ of Review to the Public Utilities Commission.*

MR. CHARLES M. ROSE, for plaintiff in error.

Messrs. ADAMS & GAST and Mr. SAM PARLAPIANO, for defendants in error.

Mr. Justice Burke delivered the opinion of the court.

THIS cause is now before us on a writ of review to determine the validity of an order of the Public Utilities Commission fixing the rates to be charged by the Pueblo Gas and Fuel Company within the City of Pueblo, which order was entered December 18, 1918. A rehearing was denied by the Commission December 31, 1918. The abstract of record was filed in this court January 29, 1919, and the reply brief of plaintiff in error, September 20, 1919.

The opinion of this court in *City and County of Denver v. Mountain States Telephone and Telegraph Company, et al.,* 67 Colo. 225, 184 Pac. 604, was handed down January 14, 1919, and a rehearing denied thereon October 6, 1919. It will thus be observed that the decision in the last mentioned cause had not become final until after the instant case was at issue in this court.

The City of Pueblo is a body corporate and politic, duly organized and existing under and by virtue of Art. XX of the Constitution of the State of Colorado, and its charter was filed with the Secretary of State prior to the adoption of sec. 6 of said article. In other words the City of Pueblo is a so-called Home Rule City under our Constitution.

The Pueblo Gas and Fuel Company is a corporation organized and existing under and by virtue of the laws of the State of Colorado, is operating exclusively within the said City of Pueblo, and one mile from the outer boundaries thereof. It maintains within said city a plant for the manufacture, generation and distribution of gas for heating, illuminating and power purposes, and operates under

Ordinance No. 851 of said City, duly enacted on the 18th day of September, 1911. Said ordinance fixed the rates to be charged by the said Gas Company from the date thereof up to and including the year 1931, and on the application (No. 20, filed June 26, 1918) of the said Gas Company the Public Utilities Commission of the State of Colorado made and entered its order raising said rates. The City of Pueblo has at all times denied, and now denies, the jurisdiction of the Commission to fix such rates in said city. The facts here are the same as in *City and County of Denver v. Mountain States Telephone and Telegraph Company, et al., supra,* except:

Art. 10, sec. 3, of the Charter of said City of Pueblo, which provides for the fixing of rates by ordinance, recites "That rates, fares or charges shall not be changed without examination by competent inspectors, and the Council shall have power to inspect the books and affairs of any public utility corporation as a part of such examination." This would seem to obviate the particular objection raised by the dissenting opinion of Mr. Justice Bailey in the telephone case.

The same section of the Pueblo Charter also provides: "The Council shall have power by ordinance to fix and regulate rates, fares and charges by public utility corporations and to change the same every five years." But for this provision of the charter it is conceded by defendants in error that the jurisdiction of the Public Utilities Commission to fix the rates in question would be settled here by the decision in the telephone case wherein such jurisdiction was denied. But it is now contended on behalf of defendants in error that by virtue of this five year provision of the charter of the City of Pueblo said city has repudiated the power given it under Art. XX, of the Constitution; that the effect of such repudiation, so far as the fixing of the rates of Public Utility Corporations is concerned, is to remove said city from operation of said Art. XX of the Constitution and leave the Public Utilities Commission with jurisdiction to fix such rates therein. This argument is based upon the

assumption that the failure and refusal of the city to readjust such rates oftener than once in five years must necessarily result in inequality and injustice.   Whether such will be the result time and experience alone can demonstrate, but if the body having jurisdiction to fix rates by compulsion fixes a rate that is unreasonable or confiscatory, nothing is more definitely settled than that the courts, when applied to under such circumstances, will afford relief.

It having been finally determined that The Public Utilities Commission is without jurisdiction to fix rates in Home Rule cities it is impossible that that body should acquire any such jurisdiction because such cities proceed illegally in the discharge of that duty, or fail to act at all.

We are therefore of the opinion that every question raised in the instant case has been finally settled here in *City and County of Denver v. Mountain States Telephone and Telegraph Company, et al., supra.*   The order of the Public Utilities Commission entered herein is therefore hereby set aside and held for naught.

Garrigues, C. J., Scott, J. and Bailey, J. concur, subject to the final disposition of *City and County of Denver v. Mountain States Telephone and Telegraph Company, et al.,* now in the Supreme Court of the United States.