## No. 9525.

COUNTY OF LARIMER ET AL. *v.* CITY OF FORT COLLINS.

1. MUNICIPAL CORPORATIONS—*Powers.* A city having express author-ority to operate works of public utility, e. g., for supplying water, light, steam, electric power or the like, acts in a pro-prietary or business capacity and may lawfully sell any sur-plus of that which it produces.

And may at public expense construct the appliances necessary to con-vey such surplus to the place where there is a demand for it, even though to points without the municipal limits.

2. ——*Contract construed.* The county applied to the city council for permission to connect with the city water-works, a pipe line without the city limits, to convey water to the non-residents of the city, agreeing that those using water therefrom should pay therefor, "at the schedule rates now or hereafter adopted"; that the costs of the connection, and the extension, should be paid by the county, and that "Whenever the service of said extension shall pay to the city an amount equal per annum to 20 per cent. of of the cost thereof "the line should be conveyed to the city, and the costs of construction, "according to prices then prevailing", should be paid to the county. This petition was allowed and the line constructed and operated for a series of years. Action for the cost of construction under the last clause of the contract. *Held* a valid contract, not *ultra vires* and that the city was liable.

3. ——*Prior appropriation.* There being no certainty that any ex-pense would ever be incurred by the city, and no indebtedness created within the year in which the contract was made, *Held* that sec. 6633, Rev. Stat. was inapplicable and not controlling.

4. ——*Public works.* The improvement was not a public work con-structed by the city and it was not required that the work would be let to the lowest bidder.

*Error to Larimer District Court, Hon. Robert G. Strong, Judge.*

Messrs. LEE & SHAW, Messrs. STOW, STOVER & MANTZ, for plaintiffs in error.

Mr. FRANK J. ANNIS, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is an action brought by The Board of County Commissioners of the County of Larimer, and the successors in interest of one C. B. Andrews, deceased, against the City of Fort Collins, a municipal corporation, upon the contract hereinafter mentioned.   A demurrer to the amended complaint was sustained.   The plaintiffs elected to stand upon their complaint, and, judgment having been entered against them, they bring the cause here for review.

The principal question raised by the demurrer, and presented by the record for our consideration, is whether or not the contract sued upon is *ultra vires.*

The contract in question is evidenced by a certain petition of the County Commissioners and C. B. Andrews, and a resolution of the City Council of the defendant.   The petition is dated December 2, 1901, addressed to the mayor and city council of the defendant, and so far as material, reads as follows:   "The undersigned respectfully petition the City that they wish to lay a four-inch cast iron main from the present terminus of the City water works at the east end of Garfield Stret, to the road on the west side of the County poor farm, so the water service may be had at the poor farm buildings and in the event of the land adjoining the water main shall be hereafter platted and added to the city that service may be had for the consumers thereunder, and respectfully ask permission to make connection with said water main for that purpose, agreeing that water meters will be used and the takers will pay for the use of water at the schedule rates that are now or may be hereafter adopted.   It is further agreed that said extension shall be made under the supervision of the Water Superintendent of the City of Fort Collins.   *   *   *   It is purposed that if permission is granted to make this connection and extension the cost thereof shall be paid by the undersigned and whenever the service by said extension shall pay to the city in rents an amount per annum equal to 20 per cent. of the cost thereof, then the line shall be conveyed to the City and an amount equal to the expense of constructing the same according to prices then prevailing be refunded to the under-

signed and thereafter said main to be owned and maintained by the City of Fort Collins." The foregoing petition was granted by the City Council of Fort Collins, by a resolution, reading as follows: "*Resolved*: That the petition from the County Commissioners for an extension of the City water works to the poor farm be granted with the modification that the payment of the water taps and for the use of the water be made to the City and if the petitioners lay the main prayed for it is upon that express understanding." The complaint alleges facts showing that the water main was laid, and that the plaintiffs have done all that is or was required of them under the agreement, but that the city refuses to refund to them the money agreed to be refunded by it, in the agreement. The demurrer to the complaint goes no further than to question the validity of the contract. The principal ground of the demurrer is that the contract is *ultra vires* for the reason that (1) the water main in question "is and was constructed without the corporate limits of the city," and (2) that "the inhabitants then to be served and now served are wholly without the corporate limits of said city."

It is the contention of the plaintiffs in error that the contract sued upon is not rendered *ultra vires* by reason of the facts thus recited in the demurrer, and in support of this contention counsel rely principally upon the case of *City of Colorado Springs v. Colorado City*, 42 Colo. 75, 94 Pac. 316. Whether or not that case is decisive of the instant case, it at least strongly supports the view taken by the plaintiffs in error. The contract there upheld, by this court, was one whereby the City of Colorado Springs agreed to furnish water from its mains to the city of Colorado City and its inhabitants. There can be no doubt that the contract involved in the instant case is not *ultra vires* from the mere fact that it provides for furnishing of water to consumers outside of the corporate limits of the city. *City of Colorado Springs v. Colorado City, supra; Pikes Peak Power Co. v. City of Colorado Springs*, 44 C. C. A. 333, 105 Fed. 1; *Milligan v. Miles City*, 51 Mont. 374, 153 Pac. 276, L. R. A.

1915-C 395.  This much is conceded by counsel for the defendant city, but, in his brief, he states that "the sole objection" is "one respecting the right of the city to acquire pipe lines" constructed and laid, as stated in the demurrer, "without the corporate limits of the city."

Under the authorities already cited, and many others, it is well settled that a city in operating a water works system acts in its proprietary or business, and not in its political or governmental capacity, and in so acting is governed largely by the same rules that apply to a private corporation. From this proposition it follows, that, as stated in 19 R. C. L. 788, sec. 95: "When, * * * as a necessary result of carrying on a legitimate, public enterprise in a reasonably prudent manner a surplus of the material used or distributed is acquired, or a by-product created, a municipal corporation may lawfully engage in the business of disposing of such surplus or by-product for profit, without special legislative authority."  In *Milligan v. Miles City, supra,* it was said:  "If it has a present surplus of water, the dictates of common business prudence require that such surplus be sold, and the proceeds devoted to public use."  It was accordingly held, in the case last above cited, that a municipal corporation having express authority to operate an electric light and power plant may lawfully as an incident thereto sell surplus steam, and, further, may at public expense lay the mains or conduits necessary to convey such surplus steam to places where there is a demand for its use. In that case the business of selling surplus steam was conducted entirely within the corporate limits, but a surplus product, like water or light, may, of course, be sold to consumers without the city, and, if so, mains or conduits may be laid to points without the city in order to convey the surplus produce "where there is a demand for its use." The laying of the mains and the furnishing of the water are both a part of the same business enterprise.  There is no rule that limits the disposal of surplus products only to cases where it may be done without any expense whatever. In the *City of Henderson v. Young,* 119 Ky. 224, 83 S. W.

533, a suit was brought to enjoin the city from furnishing an electric light current to property outside of the city limits. The answer of the city admitted that it would be "subjected to expense in making the proposed extension." The court held, citing *Pike's Peak Power Co. v. Colorado Springs, supra,* that a statute authorizing cities of the third class to provide the city and its inhabitants thereof with light, etc., does not prohibit the city from extending its electric light service to points without the city limits, where it can do so with very little additional expense, and in such a way as to result in advantage to the city.

It seems clear, therefore, that a city may incur a reasonable expense as an incident to the sale of surplus water or other product to consumers without the corporate limits, and there is no reason why such expense may not be incurred as the result of taking over or acquiring a water main running beyond the corporate limits, under the circumstances existing in the instant case. The defendant city had the authority to contract, as it did, to pay for the water main involved in this action.

The complaint does not affirmatively show any facts or circumstances rendering the contract in question *ultra vires.* The complaint is, therefore, not demurrable upon the ground above considered. The contract is not upon its face necessarily beyond the scope of the authority of the defendant city, and will, in the absence of proof, be presumed to be valid. 28 Cyc. 675. *Brown v. Pomona Bd. of Education,* 103 Calif. 531, 37 Pac. 503.

Another ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action because it "does not appear from the complaint  *   *   * that any appropriation  *   *   * was ever provided" prior to the making of the contract sued upon. This ground is laid in reliance upon section 6633 R. S. 1908 (sec. 7352 M. A. S. 1912) which reads as follows: "No contract shall be hereafter made by the city council or board of trustees, or any committee or member thereof; and no expense shall be incurred by, any of the officers or departments of

the corporation whether the object of the expenditure shall have been ordered by the city council or board of trustees or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise expressly provided."

Under the contract involved in the instant case, there was no certainty that any expense whatever would be incurred by the city under it. No indebtedness was to accrue until and unless the revenues derived by the city from the water main should for any one year equal twenty per cent of the cost thereof. Furthermore, the indebtedness or expense contemplated by the contract would not arise unless and until the contracting parties, other than the city, should perform the agreement out of which the debt might arise. No indebtedness was created in the year in which the contract was made. Under these circumstances the statute relied on by the city is not applicable or controlling. This conclusion is supported by the reasoning of the case of *Gas Company v. Leadville*, 9 Colo. App. 400, 49 Pac. 268. A municipality does not create an indebtedness by obtaining property to be paid for wholly out of the income of the property. *Evans v. Holman*, 244 Ill. 596, 91 N. E. 723; sec. 2330, McQuillen on Municipal Corp.

The demurrer also raises the contention to the effect that the contract in question was in the nature of one for the construction of a public improvement, and that, therefore, to be valid, it would be necessary that the work be done by contract let to the lowest responsible bidder. This point may be disposed of simply by the observation that the water main involved in this case, and in the contract under consideration, was not a public improvement constructed or to be constructed by the city, nor by the aid of money provided by the city.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.