## No. 9746.

### CITY OF FORT COLLINS *v.* THE PUBLIC UTILITIES COMMISSION OF COLORADO, ET AL.

Decided February 7, 1921.   Rehearing denied March 7, 1921.

Proceeding to review an order of the public utilities commission concerning telephone rates within the limits of a home rule city.

### *Order Annulled.*

1. CONSTITUTIONAL LAW—*Legislative Enactment.* Neither an act of the legislature, referred or unreferred, nor an initiated law, can recall any power or privilege granted by the constitution.

2. PUBLIC UTILITIES COMMISSION—*Jurisdiction—Home Rule Cities.* The state public utilities commission has no authority to regulate telephone rates in a city, which, after the passage of the home rule amendment in 1912, S. L. 1913, p. 669, adopted a charter giving it control of the rates to be charged by public utilities within its limits.

*Writ of Review to the Public Utilities Commission.*

Mr. FRANK J. ANNIS, for petitioner.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, Mr. ELMER L. BROCK, for respondents.

Mr. FRANK L. MOORHEAD, *amicus curiae.*

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS case is brought here under the statute to review

the order of the Public Utilities Commission as to telephone rates in Fort Collins.

The City of Fort Collins, after the passage of the Home Rule Amendment in 1912, S. L. 1913, p. 669, adopted a charter which gives that city control of the rates to be charged by public utilities within its limits. A controversy has arisen as to whether, under these circumstances, the city has a right to control such rates or whether, by virtue of the Act of 1913, S. L. 1913, p. 464, and the amendments thereto, such control belongs to the Public Utilities Commission of the State.

By the expediency or consequences of the decision of this question we cannot be governed. It is too late to further question the right to regulate rates on the ground of due process, and the question of the validity of the methods of regulation provided by the City of Fort Collins is not before us. The present question is whether the control belongs to the State Commission.

We have held that when a city has adopted such a provision before the passage of the Home Rule Amendment the State Commission has no control of rates within that city. *Denver v. Telephone Co.,* 67 Colo. 225, 184 Pac. 604; *Pueblo v. Pub. Ut. Com.,* 68 Colo. 155, 187 Pac. 1026; *Atchison &c. Ry. Co. v. Pub. Ut. Com.,* 68 Colo. 92, 188 Pac. 747. We did this partly on the theory that the 20th amendment of our constitution gave a city the right to adopt such a charter and partly on the ground that the Home Rule Amendment ratified such provisions, they having been made before its passage. The present case presents the question whether, without such ratification, the 20th amendment or the Home Rule Amendment or both together authorize the city to adopt such a provision.

It is clear that the 20th amendment itself authorizes such an adoption. The arguments in the several opinions in the case of *Denver v. Telephone Co., supra,* seem to settle this question. The Home Rule Amendment was intended to reiterate unmistakably the will of the people that the power of a municipal corporation should be as broad as possible

within the scope of a Republican form of government of the State, and, viewed in that light, it is a valuable guide in interpreting the 20th amendment.

Interpreting the 20th amendment in the light of the Home Rule Amendment or without it, a municipal corporation has power to assume the regulation of rates, because such body may assume whatever power the legislature might grant; *Denver v. Hallett,* 34 Colo. 395, 397, 83 Pac. 1066, and the legislature might grant the power to regulate rates; *Home Telephone Co. v. Los Angeles,* 211 U. S. 265, 271, 29 Sup. Ct. 50, 53 L. Ed. 176; see 184 Pac. 611. The two amendments taken together confirm this conclusion beyond question. Moreover the argument for the respondent involves the proposition that the Home Rule Amendment was intended to give authority to regulate rates to some cities and not to others, which is almost incredible.

It is suggested that Sec. 8 of Art. 15 of the Colorado constitution precludes the grant to cities of the power to regulate rates. We do not see in that section anything that relates to or affects the question before us. The principal case cited on that point, *Sedalia v. The Pub. Ut. Com.,* 275 Mo. 201, 204 S. W. 497, has no bearing upon the present case. In that case the question was, as stated in the opinion, page 209,

"Can the legislature authorize a municipal corporation or a public service corporation to make a contract as to rates which contract will preclude the sovereign power of the State from fixing reasonable rates irrespective of the contract?"

There is no such question here. The question before us is not whether the sovereign power is precluded from fixing rates, but whether power to regulate rates has been given, and whether, when the People of the state, by constitutional amendment have given such power, the legislature can take it away.

Neither an act of legislature, referred or unreferred, nor an initiated law, can recall any power or privilege granted by the constitution.

It follows that the State Public Utilities Commission has no authority to regulate telephone rates in the City of Fort Collins.

The respondent commission is directed to annul its order of November 29th, 1919, and dismiss the proceedings before it so far as the same concern the telephone rates between points within the City of Fort Collins.

Mr. Justice Bailey and Mr. Justice Whitford not participating.