## No. 13,841.

SPEARS *v.* PUBLIC UTILITIES COMMISSION ET AL.

(67 P. [2d] 1029)

Decided April 26, 1937.

Messrs. GARWOOD & GARWOOD, Mr. GLENN G. SAUNDERS, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. RICHARD E. CONOUR, Assistant, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. DONALD C. McCREERY, for defendants in error.

Mr. TELLER AMMONS, Mr. THOMAS H. GIBSON, Mr. M. M. RINN, Mr. ALEXANDER BOWIE, amici curiae.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, brought this action

against the State Public Utilities Commission and the Public Service Company of Colorado, a corporation, defendants in error, who were defendants below. The parties hereafter will be designated as the plaintiff, the commission and the utility.

Plaintiff, a citizen of Denver and patron of the utility, sought to maintain an action before the commission, in accordance with section 45, c. 137, vol. 4, '35 C. S. A., to have the rates of the utility which were on file with the commission revised downward on the ground that they were excessive and unreasonably high. The utility filed a motion with the commission to dismiss on the ground that the commission had no jurisdiction, for the reason that under article XX of the Colorado Constitution and the Denver city charter the power to fix and regulate rates of a public utility rests entirely with the city, relying upon the former decision of this court in the case of *City and County of Denver v. Mountain States Tel. & Tel. Co.*, 67 Colo. 225, 184 Pac. 604. The commission sustained the motion and the case was subsequently taken to the district court of the City and County of Denver which sustained the action of the commission. Whereupon the matter was brought before us for review.

█ We find that our court has on several occasions reaffirmed the doctrine of that case and held specifically that cities operating under a home rule charter could fix public utility rates by contract. *Pueblo v. Public Utilities Commission*, 68 Colo. 155, 187 Pac. 1026; *Fort Collins v. Public Utilities Commission*, 69 Colo. 554, 195 Pac. 1099, and *Atchison, T. & S. F. Ry. Co. v. Public Utilities Commission*, 68 Colo. 92, 188 Pac. 747. After eighteen years the law so established should not be disturbed by a contrary judicial decision.

As Mr. Justice Burke well said in the Pueblo case, supra, at page 158, ''If the body having jurisdiction to fix rates by compulsion fixes a rate that is unreasonable or confiscatory, nothing is more definitely settled than that the courts, when applied to under such circumstances,

will afford relief.'' See also 30 Yale Law Journal, pp. 781, 796.

Our conclusion, therefore, is that the commission was right in refusing to take jurisdiction in the premises.

Judgment affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK dissent.