Opinion by
Mr. Chief Justice McWilliams.
On February 28, 1962, Barbara Pratt filed a complaint wherein she sought a divorce from her husband, Philip Pratt, and in connection therewith she also asked for custody of their two minor children, alimony, support payments and a division of their property. On July 13, 1962, the trial court entered an order that Mr. Pratt pay Mrs. Pratt the sum of $400 per month as temporary alimony and support.
A non-contested decree in divorce was granted Mrs. Pratt on September 18, 1962, with the hearing on permanent orders being deferred until November 27, 1962. On this latter date, after a rather extended hearing, the court ordered, among other things, that Mr. Pratt continue to pay Mrs. Pratt the sum of $400 per month, $200 of which was to be deemed as permanent alimony and the remaining $200 as permanent support payment for the two children, custody of the children being granted Mrs. Pratt. By the present writ of error Mr. Pratt seeks reversal of the order that he pay $400 per month as alimony and support.
A supplemental record reveals that on March 13, 1963, Mr. Pratt filed a motion to reduce these alimony and support payments. Hearing was held on this motion on March 19, 1963, and the trial court granted the motion, in part, reducing the alimony payment to $100 per month, although the support payment was left at $200 per month. Neither party sued out a writ of error to this order. Hence, we are here concerned solely with the propriety of the alimony and support order of November 27, 1962, which order remained in force and effect for only four months. Neither party objecting to the order *346 that Mr. Pratt pay $300 per month as alimony and support, we are in effect confronted with a controversy which involves $400.
Under the circumstances we deem it unnecessary to chronicle in detail the evidence adduced at the hearing held on November 27, 1962. Suffice it to state that a careful review of the record convinces us that there is evidence to support the order of the trial court and hence its judgment must be, and is, affirmed.
Mr. Justice Hall and Mr. Justice Day concur.