No. 21795.

WALTER E. BROWN *v.* IRENE L. BROWN.
(419 P.2d 444)

Decided October 31, 1966.

Duane L. Barnard, for plaintiff in error.

J. H. Howard, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

This controversy relates to a certain "Stipulation and Agreement" entered into by Walter and Irene Brown on April 28, 1964, and thereafter incorporated on May 1, 1964, into the decree of divorce dissolving the thirty-year marriage between the two parties.

The two paragraphs in the stipulation and agreement with which we are here concerned are as follows:

\*    \*    \*    \*

"6. First party (Walter Brown) agrees to pay unto

Second party (Irene Brown) the sum of $212.50 each month, on or before the 5th day of said month, until the month of December; in the month of December First party shall increase the payment to $312.50, and shall pay in addition a lump sum equal to $100 per month for each prior month, commencing with May, 1964; so that in any complete calendar year the payment shall be $3,750, or an average of $312.50 per month."

\* \* \* \*

"8. Both parties agree to be bound by the terms of this Stipulation and Agreement from the date of execution thereof, *until further Order of Court;* and respectfully request this honorable Court to incorporate the terms hereof in any Decree of Divorce which may be granted in this matter." (Emphasis supplied.)

\* \* \* \*

Parenthetically, it is perhaps worthy of passing comment to mention that at the divorce hearing the following colloquy occurred between the trial court and counsel for Irene Brown concerning these particular provisions of the aforementioned stipulation and agreement:

"The Court: . . . Under this agreement, as I construe it, the plaintiff Walter E. Brown is to pay the defendant $3,750 per year permanently and for all time unless there is a modification of the Order?"

"Mr. Howard: Yes, your Honor. That is our understanding."

From the record before us it would appear that pursuant to the aforementioned stipulation and agreement between the parties Walter Brown did pay Irene Brown the sum of $212.50 on or about the fifth day of each month from May 1964 to November 1964, inclusive. However, Walter Brown did not pay Irene Brown the sum of $312.50 on or about December 5, 1964. Nor did he on or about that same date pay her the sum of $700, representing $100 for each of the months he had paid her the sum of only $212.50 per month.

When Walter Brown thereafter failed to make any

payment in either January or February, 1965, Irene Brown proceeded to institute contempt proceedings against him. Shortly thereafter Walter Brown filed a motion to modify the monthly payments called for by the agreement. Upon hearing the trial court adjudged Walter Brown to be in contempt and also denied his motion to modify. It is this judgment which Walter Brown now seeks to have us reverse.

In its findings the trial court held that under the terms of the agreement between the parties it had *no* power whatsoever to modify the monthly payments called for by the agreement. Alternatively, the trial court found that even if it be determined that such a power to modify does exist, "the application to reduce would still be denied as the plaintiff is well able to perform the agreement." It should be noted that the trial court took testimony, and that it was only after hearing from both parties that the trial court concluded that there was no change in circumstances and that Walter Brown could still meet the monthly payments called for in this agreement, though as the trial court observed, such might involve "inconvenience" and might even require some "self-denial" on the part of Walter.

In holding that it had no power or authority to entertain on its merits Walter Brown's motion to modify, the trial court committed error. Paragraph six in the agreement, standing alone, might possibly constitute an unqualified promise on the part of Walter Brown to pay Irene Brown the sum of $3,750 per year, as the trial court said at the divorce hearing, "permanently and for all time." But paragraph six must be read in the light of paragraph eight.

Paragraph eight states that the parties agree to be bound by the terms of their agreement from the date of its execution "until further Order of Court." Such clearly presupposes, then, that the court, for good cause, *could* modify and change the terms contained, for example, in paragraph six. To hold otherwise would be

to give absolutely *no* meaning or effect to paragraph eight of the agreement. It would be as though there were no such paragraph. And of course it is a cardinal rule that an agreement such as this must be construed as a whole and effect given, if possible, to its every provision. *Hill v. Stanolind Oil and Gas Company,* 119 Colo. 477, 205 P.2d 643. Hence, we now hold that the trial court did and does have the power upon good cause shown to modify the terms of the aforementioned paragraph six of the agreement between the parties. Any such modification, however, could only relate to future payments, and could not affect arrearages accruing before the time the motion to modify was granted. See *Engleman v. Engleman,* 145 Colo. 299, 358 P.2d 864.

However, the fact that the trial court erred in this particular does not mean that its judgment must be reversed. As already noted, the trial court found alternatively that Walter Brown had failed to show any such changed circumstances as would justify any modification of the payments called for in paragraph six of the agreement. The finding finds support in the record and therefore upon the review of a matter of this nature the judgment of the trial court cannot be disturbed by us. See *Pratt v. Pratt,* 155 Colo. 344, 394 P.2d 345. Hence, the judgment and order of the trial court denying Walter Brown's motion to modify cannot be reversed. And, by the same token the order of the trial court adjudging Walter Brown to be in contempt must also be affirmed, as there is evidence to justify the trial court's conclusion that Walter Brown willfully failed to meet the payments called for by the agreement in December 1964, and January and February 1965.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.