## No. 26748

**Colorado Open Space Council, Inc., a Colorado non-profit corporation, Zero Population Growth of Denver, Inc., a non-profit Colorado corporation, Trout Unlimited, a non-profit Michigan corporation, Sensible Water Use Coalition, Inc., a non-profit Colorado corporation, Robert M. Weaver, Anna L. Douglas, Roger C. Brown, Donald M. Carmichael v. The City and County of Denver acting by and through its Board of Water Commissioners**

(543 P.2d 1258)

Decided December 29, 1975.

DeMoulin, Anderson, Campbell and Laugesen, J. Kent Miller, for plaintiffs-appellants.

Lawrence R. Reno, for plaintiff-appellant Trout Unlimited.

George L. Zoellner, J. J. Petrock; Saunders, Snyder, Ross & Dickson, P.C., Glenn G. Saunders, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Plaintiffs-appellants (four nonprofit corporations and four named individuals) sought a declaratory judgment and an injunction decreeing a judicial limitation on the authority of defendant-appellee City and County of Denver, through the Denver Water Board, to deliver water outside of its political boundaries. This appeal is taken from an order of the trial court granting appellee's motion for judgment of dismissal on a single stipulated question of law: What is the extent of the authority of Denver to sell and deliver water outside its municipal limits? We affirm.

*Colo. Const.* Art. XX, Sec. 1 in relevant part provides that the city:
". . . shall have the power, *within or without its territorial limits*, to construct, condemn and purchase, purchase, acquire, lease, add to, maintain, conduct and operate, water works, light plants, power plants, transportation systems, heating plants, and any other public utilities or works or ways local in use and extent, in whole or in part, and everything required therefore, for the use of said city and county and the inhabitants thereof, . . . ." (Emphasis added.)
Accordingly, the trial court properly determined that Denver is constitutionally empowered to serve water users outside the city limits.

Art. XX, Sec. 6 provides home rule cities (including Denver) with the power to legislate on local and municipal matters: "Such charter . . . shall supersede within the territorial limits *and other jurisdiction* of said city or town any law of the state in conflict therewith." (Emphasis added.)

Sec. 6 further provides that a home rule city shall have all powers " . . . necessary, requisite or proper for the government and administration of its local and municipal matters, including power to legislate upon . . . [t]he consolidation and management of park or water districts in such cities or town *or within the jurisdiction thereof* . . . ." (Emphasis added.) These provisions clearly indicate that Denver is constitutionally empowered to supply water beyond its boundaries.

In *Fort Collins v. Public Utilities Commission*, 69 Colo. 554, 195 P. 1099 (1921), we stated:

". . . The Home Rule Amendment [Art.XX] was intended to reiterate unmistakably the will of the people that the power of a municipal corporation should be as broad as possible within the scope of a Republican form of government of the State, . . .

". . . a municipal corporation has power to . . . assume whatever power the legislature might grant; . . . ."

The legislature has specifically defined selling water by a municipality both within *and without* its territorial boundaries to be a proper exercise of its powers. Section 31-12-101(39), C.R.S. 1973.[1] The legislature has empowered municipalities to operate and maintain water facilities for the benefit of users within *and without* their territorial boundaries. Section 31-35- 402(1)(b), C.R.S. 1973.[2]

Denver is also a county as well as a city and, as such, could be said to have parallel powers to serve non-county water users under section 30-20-402(1)(b), C.R.S. 1973. But there is no need to strain for the authority as Denver, a home rule city, has all the powers of a statutory city or town, unless otherwise provided by its charter. *Denver v. Board of Commissioners*, 113 Colo. 150, 156 P.2d 101 (1945).

Consistent with the above-cited constitutional and statutory provisions, Denver has specifically empowered their officials to lease water outside of the city limits, subject only to the limitations provided in the charter. The Denver City Charter C4.26 states:

"The Board shall have power to lease water and water rights for use outside the territorial limits of the City and County of Denver, but such leases shall provide for limitations of delivery of water to whatever extent may be necessary to enable the Board to provide an adequate supply of water to the people of Denver . . . ."

While tacitly admitting that the city's present sale of water in the suburbs is within the city's authority, appellants' prayer for injunctive relief suggests that the judiciary impose its own curtailment on further use of the city's powers to sell water outside its own limits — a wholly unique and inappropriate request. If appellants seek to restrict the activities of the Denver Water Board, an amendment to the city charter or the state constitution would be in order.

Existing case authority, contrary to appellants' position, holds that a contract to supply water outside of a city's corporate limits is *not ultra vires* — in dictum, the validity and enforceability of such contracts is only limited by the availability of an adequate supply. *City of Colorado Springs v. Colorado City*, 42 Colo. 75, 94 P. 316 (1908). In a similar case, *County of Larimer v. City of Fort Collins,* 68 Colo. 364, 189

[1] Now Colo. Sess. Laws 1975, ch. 275, 31-15-708(1)(d) at 1118.
[2] Repealed and re-enacted in separate sections in Colo. Sess. Laws 1975.

P.929 (1920), we stated:

". . . it is well settled that a city in operating a waterworks system acts in its proprietary or business, and not in its political or governmental capacity, and in so acting is governed largely by the same rules that apply to a private corporation. . . ."

*Colorado City* contains the same language. Appellants in their reply brief, erroneously state that these cases determined that the contracts to serve non-municipal customers were "governmental" rather that "proprietary." In fact the reverse is true.

Judgment affirmed.

MR. JUSTICE GROVES specially concurs.

MR. JUSTICE GROVES specially concurring:

I concur specially for the following reasons: The opinion states that "Denver has specially empowered their officials to lease water outside of the city limits, subject only to the limitations provided in the charter." I believe that Denver, as well as any home rule city, is also subject to constitutional limitations.